RUSSELL, Judge.
This is a workmen’s compensation case.
Following an ore tenus proceeding, the trial court entered an order dated October 12, 1989, awarding Wallace Parden and Monroe Jordan (appellants) workmen’s compensation benefits for injuries sustained during their employment as firemen with the City of Mobile (appellee).
The trial court found that each suffered a hearing loss as a result of exposure to excessive noise in their place of employment. In its findings of fact, the trial court concluded that Wallace Parden suffered a 4.7% binaural hearing loss as a result of exposure to noise while employed by the appellee and awarded him 7.661 weeks of compensation at a rate of $220. Monroe Jordan was determined to have suffered a 5.15% binaural impairment while in the employ of the appellee and was awarded 8.3945 weeks of compensation at a rate of $220. Such awards were made pursuant to § 25-5-57, Ate.Code 1975 (1986 Repl.Vol.).
The appellants were also awarded an attorney’s fee. Furthermore, the appellee was ordered to pay the appellants’ medical expenses.
This appeal followed. We affirm.
The appellants first contend that the trial court erred by apportioning the amount of scheduled benefits to be awarded to them. On appeal, they assert that each suffered an occupational hearing loss, which is com-pensable under § 25-5-110, part of the Workmen’s Compensation Act. In its findings of fact, the trial court specifically found that both appellants were exposed to noises which were in excess of those ordinarily incident to, and which were different in character from those found in, the general run of occupations.
This finding mirrors the language of § 25-5-110, Ala.Code 1975 (1986 Repl.Vol.), which defines occupational diseases. Furthermore, that section provides that an occupational disease “includes any aggravation of such a disease without regard to the employment in which the disease was contracted.” Moreover, § 25-5-116 provides that compensation for such occupational diseases is the responsibility of the employer in whose employment the employee was last exposed to the hazards aggravating his condition.
In its findings of fact, the trial court concluded that Wallace Parden had a 18.8% hearing impairment and that Monroe Jordan had a similar impairment of 20.6%. Nevertheless, the trial court then determined that only 25% of each appellant’s loss was the result of exposure to noises while in the employ of the appellee.
The record reveals, however, that at trial the appellants presented their claims as ones for compensation due to injuries each had suffered while in the employ of the appellee. At trial, the attorney for the appellants stated, “The city [appellee] is claiming that we have to prove an occupational disease and that is simply not our claim. Our claim is for an accident that has [ajrisen under the statutes that govern that.”
Shortly, thereafter, the trial judge asserted his opinion that, as he understood the appellants’ case, "there is no claim based on an occupational disease here.” We find that, at trial, the appellants asserted their claims as ones for recovery from injuries sustained by accident. Recovery for those types of scheduled losses is gov7 erned by § 25-5-57, and the trial court specifically based its award on that provision.
For the appellants to argue now that they, in fact, suffered from an occupational disease, as opposed to sustaining accidental injuries, is to attempt to change their theory of the case after a decision has already been rendered. Consequently, we find that the decision of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., concurs.
ROBERTSON, J., dissents.